IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,142-01






EX PARTE RONNIE OTEMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 380-80661-10 IN THE 380TH DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twelve years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because, inter alia, trial counsel was
ineffective. Specifically, Applicant alleges that counsel misinformed him about his right to remain
silent when he told Applicant that he would have to take the stand. Applicant also contends that, at
the time of the plea, counsel told him that he was pleading to indecency with a child but counsel then
"changed it" to aggravated sexual assault and told Applicant that it was the "same thing." Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608
(1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall order
Applicant's trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary due to counsel's ineffectiveness. Specifically, the trial court
shall make findings as to whether counsel misinformed applicant about his right not to testify at trial
and as to whether counsel misinformed applicant about the crime to which he was pleading guilty.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 2, 2011

Do not publish